2021 IL App (1st) 201139-U

No. 1-20-1139

Order filed September 24, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LOUIS ROBERT FASULLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant | ) | Cook County. |
| | ) | |
| v. | ) | No. 2017 CH 13787 |
| | ) | |
| UPTOWN MEN'S SHELTER NFP, and Unknown, | ) | Honorable |
| | ) | Sanjay T. Tailor, |
| Defendant, | ) | Judge, presiding. |
| | ) | |
| (The People's Church of Chicago, Inc. d/b/a 2 Li'l | ) | |
| Fishes-Defendant-Appellee). | ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Sheldon Harris and Justice Mary Mikva concurred in the judgment

**ORDER**

¶ 1   *Held*:  Plaintiff's failure to comply with Illinois Supreme Court Rule 341(h)(7) (Ill. S. Ct. R 341 (h)(7) (eff. Oct. 1, 2020) for appellate briefing, precludes appellate review.

¶ 2      Plaintiff Louis Robert Fasullo appeals the circuit court's dismissal of his second amended complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2018)) of the Code of Civil Procedure (Code) against defendant The People's Church of Chicago, Inc. d/b/a 2 Li'l Fishes.

¶ 3      On appeal, plaintiff contends: 1) that the trial court erred in dismissing his second amended complaint, and 2) if defendant intentionally wrote d/o/a instead of d/b/a in its pleadings the Attorney Registration and Disciplinary Commission (ARDC) and the circuit court should have intervened. For the following reasons, we dismiss plaintiff's appeal.

¶ 4                          BACKGROUND

¶ 5      On October 13, 2017, plaintiff filed a complaint against the Uptown Men's Shelter located at 941 West Lawrence Avenue in Chicago. Plaintiff's complaint alleged that on September 29, 2017, he went to the shelter with his sister Georgia and at some point, Georgia started screaming and the staff accused him of hitting her. Plaintiff stated that the staff screamed at him, threatened to remove his belongings, and after the police were called, he was kicked out. Plaintiff alleged that he was injured by social deprivation, emotional distress, and the filing of a false report.

¶ 6      On November 6, 2017, plaintiff filed a motion to amend the complaint by removing the Uptown Men's Shelter and impleading 2 Li'l Fishes. On November 16, 2017, the circuit court gave plaintiff 28 days to amend his complaint. On November 28, 2017, plaintiff filed an amended complaint naming the People's Church of Chicago, Inc. d/b/a[1] 2 Li'l Fishes as defendant, alleging assault and misrepresentation. The complaint provided a general definition of each allegation along with general definitions of damages.

---

[1] Plaintiff wrote "d/o/a" in his amended complaint.

¶ 7    On April 9, 2019,[2] defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 (730 ILCS 5/2-615 (West 2018)) of the Code. The motion argued that plaintiff's complaint made conclusory statements, failed to contain a plain and concise statement of his cause of action, and failed to make a prayer for relief.

¶ 8    On May 13, 2019, plaintiff filed a motion for leave to file a second amended complaint, asserting that he noticed some errors in his previously filed amended complaint and wanted the chance to change them. Plaintiff argued that one of the errors was including d/o/a in defendant's name in his complaint, which he indicated was due to the "mental anguish problems" he suffered from; noting that it was "odd" that defendant also made the same error. Plaintiff argued that this error by defendant amounted to bad faith. Plaintiff further stated that although he was seeking to amend his complaint, he also wanted an opportunity to respond to defendant's motion to dismiss and therefore sought an extension to reply.

¶ 9    On May 23, 2019, the circuit court denied plaintiff's motion for leave to file a second amended complaint without prejudice. The circuit court gave plaintiff 14 days to file a reply to the motion to dismiss. On June 3, 2019, plaintiff filed a motion requesting an extension of time which was granted on June 11, 2019: the circuit court granted plaintiff an additional 21 days to respond.

¶ 10    On July 1, 2019, plaintiff filed a response to defendant's motion to dismiss, arguing that if he was allowed to file a second amended complaint, he would correct the error of d/o/a by amending it to d/b/a and amend the date of when he and Georgia actually went to defendant's facility. Plaintiff argued that defense counsel violated Rule 3.1 of the Illinois Rules of Professional Conduct (Ill. R. Prof'l Conduct R. 3.1 (eff. Jan 1, 2010) by filing a motion to dismiss without

---

[2] Plaintiff moved for several continuances based on excusable neglect due to being remanded by the Circuit Court of Cook County to a mental health facility, although the exact dates of his confinement were not provided in the record.

having good cause, was not filed in good faith, and was untrue. Plaintiff complains that defendant was allowed to file a motion to dismiss because the circuit court was biased as a result of his other pending lawsuits.[3] Plaintiff argued that his amended complaint stated a cause of action for assault and misrepresentation, and additionally made a prayer of relief for $500,000 in punitive damages. In addition to reiterating the facts already detailed in his complaint, he added that he did not abuse Georgia, defendant should be held liable for the acts of the unknown staff members who attacked him, and fraud in the inducement occurred because an unknown staff member told others that he was abusing Georgia. Plaintiff argued that he did in fact provide a cause of action, therefore the statute that defendant used to bring forth its motion to dismiss was inapplicable

¶ 11　On July 24, 2019, defendant replied arguing that instead of responding to the specific arguments made in their motion to dismiss, plaintiff provided explanations for his request to amend the complaint, set forth new arguments for his causes of action, and included a violation of the Illinois Rules of Professional Conduct; none of which were proper or responsive to the motion. Defendant also argued that the errors plaintiff sought to correct would not have cured the defects of his complaint; plaintiff's prayer for relief was vague and inappropriate; and the remainder of plaintiff's complaint was simply a repetitive recitation of facts.

¶ 12　On August 27, 2019, the circuit court denied defendant's motion to dismiss. The court indicated that defendant's allegation that the complaint was factually insufficient was not supported by an analysis that identified the specific elements that were allegedly deficient. Therefore, the circuit court granted defendant leave to file a second motion to dismiss and properly raise the issue of factual insufficiency.

---

[3] Plaintiff did not detail the other lawsuits at issue.

¶ 13    On September 17, 2019, defendant filed its second motion to dismiss, arguing that plaintiff had not identified the person who allegedly attacked him and failed to establish an agency relationship between that individual and defendant for any of the causes of actions, citing *Bogenberger v. Pi Kappa Alpha Co. Inc*., 2018 IL 120951, as support. Defendant also argued that plaintiff's complaint did not set forth facts that established a cause of action of assault because he failed to establish that the unknown individuals' words or actions caused him to be in fear of an offensive contact with his body, citing *Rosenberg v. Packerland Packing Co*., 55 Ill. App. 3d 959 (1977), as support. Defendant further argued that the cause of action of battery was not established because no facts detailed any bodily contact between plaintiff and the unknown individual, citing *Pechan v. Dynapro*, Inc. 251 Ill. App. 3d 1072, 1084 (1993), as support. Additionally, Defendant claimed that the content of the alleged false statement was unclear in the complaint. Even if plaintiff was referring to the statement made by the unknown individual that plaintiff abused Georgia, he did not plead the remaining elements of fraud in the inducement, which defendant stated required that the false statement was made to a third party and that the third party relied on the truth of that false statement, citing *Fox Associates, Inc. v. Robert Half Intern, Inc*., 334 Ill. App. 3d 90 (2002). As such, defendant concluded that plaintiff failed to argue with specificity the facts necessary to establish each cause of action.

¶ 14    On October 25, 2019, plaintiff filed a motion for leave to file a second amended complaint and a reply to the second motion to dismiss. Plaintiff reiterated points he made in his previous motion and wanted to clarify the following points through a second amended complaint: 1) he underlined words that he should not have underlined,[4] 2) he might have sought the wrong relief,

---

[4] Plaintiff did not specify which words he did not intend to underline.

but he believed it to be correct, and 3) three staff members did not want the police called. The motion also sought additional time for plaintiff to file a reply to defendant's motion to dismiss.

¶ 15    On December 2, 2019, plaintiff filed a response to defendant's second motion for dismissal, arguing that defendant's motion was substantially similar to what it previously filed in its first motion to dismiss. Plaintiff also argued that defendant's conduct amounted to a fishing expedition and reiterates his claim that defense counsel was in violation of Rule 3.1 of the Illinois Rules of Professional Conduct (Ill. R. Prof'l Conduct R. 3.1 (eff. Jan 1, 2010)).

¶ 16    On December 16, 2019, defendant replied that plaintiff once again raised issues that were not relevant to defendant's motion to dismiss. Defendant argued that it was clearly supported its motion with sufficient facts and case law, and thus was not engaging in a fishing expedition.

¶ 17    On December 18, 2019, plaintiff filed a sur-reply. Plaintiff reiterated that he believed defendant was going on a fishing expedition, in violation of Rule 3.1, and defendant's reply was substantially similar to its prior motions.

¶ 18    On January 24, 2020, the circuit court found that plaintiff failed to plead facts to support the alleged cause of actions. Specifically, the circuit court found that no facts were pled that demonstrated any contact was made between plaintiff and the unknown staffer, nor were there facts pled that plaintiff was in imminent apprehension of offensive contact. As such, plaintiff's amended complaint was stricken, and he was given leave to replead by February 28, 2020.

¶ 19    On February 21, 2020, plaintiff filed a motion to clarify, asking the circuit court why it would not allow him to amend his complaint. Plaintiff noted that the circuit court's order stated that he failed to allege that the unknown staffer's actions and/or words put plaintiff in imminent apprehension of danger. Plaintiff argued, "what more could be added to the facts" and then stated

that he wanted to amend his complaint to add more facts of the assault. Plaintiff further argued that he was under a great deal of emotional distress at the time he filed the complaint.

¶ 20    On February 28, 2020, the circuit court granted plaintiff leave to file a second amended complaint. Plaintiff filed his second amended complaint on March 18, 2020, which contained corrections to the errors of "d/o/a," changed to "d/b/a." and the date of the incident, changed to September 28, 2019, at approximately 12:30 p.m. The remaining facts in the complaint were substantially similar to those in the previously filed complaint and contained claims of assault and fraud. Plaintiff argued that the act of the unknown staff member yelling in his face that he abused Georgia, without letting him explain, was willful, wanton, intentional, and outrageous. Plaintiff claimed that the unknown staff member committed fraud in the inducement when she told other staff members that plaintiff committed elder abuse to get them to throw him out. Plaintiff indicated that the unknown staff member continued to tell her supervisor and police that he abused Georgia. As such, plaintiff sought both punitive and nominal damages.

¶ 21    On April 20, 2020, defendant filed a motion to dismiss plaintiff's second amended complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2018)) of the Code. Similar to its previous motion to dismiss, defendant's motion to dismiss plaintiff's second amended complaint pointed out that plaintiff merely reiterated his previous complaint and failed to state specific factual allegations to support the claims of assault and fraud in the inducement. Instead of alleging specific facts to satisfy the necessary elements of assault and fraud in the inducement, plaintiff simply recited the legal definitions of assault, fraud, and various potential damages.

¶ 22    On April 29, 2020, plaintiff filed a motion for a declaratory judgment asking the circuit court to send him notice of the next court date in light of the Covid-19 court closures.

¶ 23    On August 26, 2020, the circuit court granted plaintiff leave to file a response within 28 days, or by September 22, 2020.

¶ 24    On September 17, 2020, the circuit court dismissed plaintiff's second amended complaint with prejudice and denied plaintiff's motion for declaratory judgment. The circuit court found that: (1) plaintiff failed to allege specific facts in his second amended complaint to demonstrate a cause of action for assault and fraud in the inducement; (2) plaintiff failed to allege facts that demonstrated that the unknown staff member's words or actions caused him to be in fear of an offense to his person, pursuant to *Rosenberg*; and (3)  plaintiff's fraud in the inducement claim was insufficient because plaintiff did not plead how the staffers intended to induce him to act, how he relied on the truth of the statement, or how he was damaged as a result of relying on such statement, pursuant to *Enterprise Recovery Systems, Inc. v. Salmeron*, 401 Ill. App. 3d 65, 72 (2010).

¶ 25    On September 22, 2020, the plaintiff filed a motion to clarify and a motion for an extension of time to respond to defendant's motion to dismiss. Plaintiff argued that defendant did not correct d/o/a in its motion on purpose and requested the circuit court to make defendant correct it. Plaintiff argued that defendant should not be allowed to file a motion to dismiss because the circuit court's order granting him leave to file his second amended complaint was "good." Plaintiff sought clarity from the circuit court on what step to take next and noted that he was filing a complaint with the ARDC.

¶ 26    On October 6, 2020, defendant filed a reply in further support of its motion to dismiss plaintiff's second amended complaint. Defendant argued that plaintiff's motion to clarify touched on meaningless topics. Additionally, defendant argued that the circuit court's determination to allow plaintiff to file a second amended complaint only allowed him to re-file and it did not

substantiate plaintiff's claims. Defendant explained that although it filed a motion to dismiss plaintiff's second amended complaint on April 20, 2020, it had to refile the same motion on August 12, 2020, because of the Covid-19 restrictions placed on the court. Defendant argued that plaintiff had ample time to respond to the motion to dismiss.

¶ 27    On October 16, 2020, the circuit court explained that it previously made its ruling to dismiss plaintiff's second amended complaint based on the written submissions of the parties on September 17, 2020, and deemed oral arguments were unnecessary. Plaintiff's motion to clarify was stricken by the court because plaintiff failed to appear for his own noticed motion. On October 19, 2020, plaintiff filed a timely notice of appeal.

¶ 28    On October 20, 2020, plaintiff filed a motion to vacate the circuit court's order, arguing that he did not appear on his own noticed motion because he forgot and was a caretaker for Georgia. He offered to dismiss his appeal if the circuit court vacated its order. On October 28, 2020, the circuit court denied the motion to vacate without record of the court's rationale.

¶ 29                                    ANALYSIS

¶ 30    On appeal, plaintiff contends: 1) that the trial court erred in dismissing his second amended complaint, and 2) if defendant intentionally wrote d/o/a instead of d/b/a in its pleadings, the ARDC and the circuit court should have intervened.

¶ 31    Plaintiff contends that the circuit court erred in using case law in making its decision, moreover, plaintiff asserts he does not care about the circuit court's case law. Plaintiff contends that the verbal threat of being thrown out of the facilities placed him in imminent danger of battery. Plaintiff goes on to indicate that this type of emotional distress has led people to commit mass murders. Plaintiff does not expand on his claim of potential misconduct by defense counsel.

¶ 32    Defendant contends that plaintiff has waived his issues on appeal because he only states his opinion and cites to no legal authority in violation of Illinois Supreme Court Rule 341(h)(7) (Ill. S. Ct. R 341 (h)(7) (eff. Oct. 1, 2020). Defendant asserts that the errors plaintiff contends must be specifically pointed out in the argument, citing *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007), as support. Defendant contends that plaintiff fails to provide a sufficient argument and places the burden on this court to siphon through the record to see if the correct determination was made, which is improper, citing *Travaglini v. Ingalls Health System,* 396 Ill. App. 3d 387, 405 (2009), as support. Absent waiver, defendant contends that the dismissal of plaintiff's second amended complaint was proper because he failed to state a cause of action for assault and fraud in the inducement.

¶ 33    As a preliminary matter, we note that *pro se* litigants are not entitled more lenient treatment than attorneys. *Holzrichter v. Yorath*, 2013 Ill. App (1st) 110287, ¶ 16. That being said, we agree with defendants; plaintiff has waived his issues on appeal. Plaintiff has failed to provide any arguments supported by legal authority on appeal, in violation of Rule 341(h)(7) which states:

> "(7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R 341(h)(7) (eff. Oct. 1, 2020.

¶ 34    Turning our attention to plaintiff's opening brief, at most, plaintiff makes a conclusory contention about the staff's statements placing him in imminent fear of battery, without explaining

how or providing any legal authority. See *Kic v. Bianucci,* 2011 IL App (1st) 100622, ¶ 23 ("A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue."); *Wolfe v. Menard, Inc.*, 364 Ill. App. 3d 388, 348 (2006). (Conclusory assertions without any supporting analysis is insufficient to satisfy Rule 341). The remainder of the argument section of plaintiff's brief does not provide the reasons for his contentions, nor does it provide citation to authorities he relied on. *United Legal Foundation v. Pappas,* 2011 IL App. (1st) 093470, ¶ 28. Instead, plaintiff goes on many tangents about race, religion, and this government's lack of autonomy over him among other things. Plaintiff has accordingly waived these issues on review. *Id.* at ¶ 15. This court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. *In re Marriage of Auriemma,* 271 Ill. App. 3d 68, 72 (1994). Accordingly, we will not address the merits of plaintiff's motion for leave to file a second amended complaint on appeal because that would require this court to formulate an argument for plaintiff prior to making a ruling based on the applicable case law. "We are not required to do plaintiff's homework for him and then grade it as well." *Dillard v. Kean*, 183 Ill. App. 3d 28, 31 (1989). The appellate court is not a depository in which the appellant may dump the burden of argument and research. *Id.* We find that plaintiff's brief is deficient and fails to comply with Rule 341, therefore, it is within our discretion to strike plaintiff's brief and dismiss his appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 20. Accordingly, plaintiff's appeal is dismissed.

¶ 35    Appeal dismissed.