NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250040-U

NO. 4-25-0040

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LIVINGSTON COUNTY, ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| BRENDA MORRIS, | ) | No. 22OV12 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mary E. Koll, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal was dismissed because of her failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    Defendant, Brenda Morris, appearing *pro se*, appeals from a trial court order allowing plaintiff, Livingston County, Illinois, to enter her property for purposes of providing an estimate of the costs of cleaning the property to bring it into compliance with a local zoning ordinance. Because of the deficiencies of defendant's appellant's brief, we strike her brief and dismiss the appeal.

¶ 3                              I. BACKGROUND

¶ 4    In February 2022, plaintiff, through attorney David Babb Jr., filed a complaint alleging defendant violated a zoning ordinance by operating a junkyard, which was a nonconforming use of her property. In July 2023, the trial court found the property was

nonconforming and ordered defendant to bring the property into compliance. The record shows multiple subsequent orders requiring defendant to bring the property into compliance. Meanwhile, defendant filed multiple motions challenging the initial order finding noncompliance, all of which were denied. In March 2024, the court adjudicated defendant in contempt. The record indicates that defendant has been serving time in jail as a contempt sanction and has not purged the contempt.

¶ 5        In December 2024, plaintiff sought an order allowing it to enter the property and allow two businesses to provide estimates of the cost of bringing the property into compliance. Docket entries show the trial court granted the motion on January 10, 2025. Defendant filed her notice of appeal on January 15, 2025. On January 16, 2025, the court entered a written order granting the plaintiff's motion and setting a status hearing for February 11, 2025. On January 24, 2025, plaintiff sent a citation notice to defendant. On February 11, 2025, the court stayed the order concerning entry to the property pending the outcome of defendant's appeal.

¶ 6                                    II. ANALYSIS

¶ 7        On appeal, in a difficult to follow brief, defendant argues plaintiff's counsel engaged in conduct violating the rules of professional responsibility. Her argument appears to be plaintiff's counsel took actions that denied her due process in the underlying action. Defendant also indicates she has issues concerning due process, excessive fines, unauthorized prosecution, and judicial bias. However, because defendant's appellant's brief fails to comply with multiple subsections of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form of appellate briefs, including showing that this court has jurisdiction, we dismiss the appeal.

¶ 8        This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. This is a harsh but appropriate sanction when the

appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 9    We recognize defendant is appearing *pro se*. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. A *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true in both the trial court and this court of review. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin*, 2021 IL App (3d) 200410, ¶ 3. A *pro se* appellant is not excused from following the requirements of Rule 341. *Id.*

¶ 10    "Failure to comply with the rules regarding [appellate] briefs is not an inconsequential matter." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 11    Defendant's appellate brief violates multiple rules that govern appeals. For example, Rule 341(h)(1) through (4) requires (1) a table of contents, (2) an introductory paragraph that includes the nature of the action and the judgment appealed from, (3) a statement of the issues presented for review, and (4) a statement of jurisdiction. Ill. S. Ct. R. 341(h)(1)-(4) (eff. Oct. 1, 2020). Defendant has provided none of those items in her brief.

¶ 12    Rule 341(h)(6) requires an appellant's brief to contain a statement of the facts necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "A

reviewing court is not obligated to search the record for evidence on which to base a reversal, and unless reference is made to those portions of the record supporting reversal, the argument will not be considered." *Webb v. Angell*, 155 Ill. App. 3d 848, 854 (1987). Here, defendant provides brief paragraphs of often unsubstantiated facts, with no citations to the record. At the end of her brief, there is an additional short factual statement, but it, too, contains unsubstantiated facts and lacks citations to the record.

¶ 13 Further, Rule 341(h)(7) requires the brief to contain an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant is obligated to define issues clearly, cite pertinent authority, and present a cohesive legal argument. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). In much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he or she raises on appeal. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Instead, this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.* Contentions that are inadequately presented on appeal, such as by the failure to provide coherent argument or cite pertinent authority, do not merit consideration. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 14 Defendant's legal contentions are unclear. As previously noted, defendant failed to provide a statement of the issues presented for review. In her argument section, she also includes additional unsubstantiated facts without citation to the record. At times, defendant provides broad legal principles or quotations from statutes without an explanation of their relevance or how they apply to the facts of her case. Defendant's lack of a statement of the issues presented for review,

coupled with her lack of substantive legal arguments, results in an inability to discern her issues on appeal or the meaning of her arguments. Overall, defendant failed to provide any cogent or meaningful legal analysis or relevant authority.

¶ 15        Finally, we note there is a question of jurisdiction in this case. From the record, it appears there were pending proceedings in the trial court left undecided that could prevent there being a final order conferring jurisdiction on this court to hear the appeal. However, defendant has not provided us with a statement of jurisdiction showing a jurisdictional basis for the appeal.

¶ 16        "The question of jurisdiction of the appellate court must be determined prior to deciding the merits of an appeal." *Dillard v. Kean*, 183 Ill. App. 3d 28, 31 (1989). However, as previously noted, the appellate court is not a depository in which the appellant may dump the burden of argument and research. *Id.* Here, defendant's failure to provide a jurisdictional statement has left our jurisdiction over this appeal unclear. We are not required to do defendant's homework in order to show we have jurisdiction. *Id.* Accordingly, we conclude that, based on defendant's multiple violations of Rule 341(h), defendant's appeal should be dismissed. See *id.*

¶ 17        We recognize the dismissal of an appeal is a harsh sanction. However, because of the deficiencies in defendant's appellant's brief, we find the dismissal of her appeal appropriate.

¶ 18                                III. CONCLUSION

¶ 19        For the foregoing reasons, we strike defendant's brief and dismiss the appeal.

¶ 20        Appeal dismissed.