NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241102-U

NO. 4-24-1102

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| COURTNEY M. HAMBERLIN, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| DeMARIO D. FLEMMING, | ) | No. 24SC272 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Gwyn Gulley, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's appeal was dismissed because of his failure to comply with Illinois
Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    On January 26, 2024, plaintiff, Courtney M. Hamberlin, filed a complaint in small claims court against defendant, DeMario D. Flemming, alleging defendant damaged her vehicle. Plaintiff sought $9,682 in damages, consisting of $4,182.35 for repairs and $5,500 for "hardship." After defendant failed to appear, the trial court entered a default judgment against him. Defendant filed an appeal, but he then later filed a motion to vacate the judgment that was dismissed for want of prosecution. Because of the deficiencies of defendant's appellate brief, we strike his brief and dismiss the appeal.

¶ 3                        I. BACKGROUND

¶ 4    Plaintiff filed her small claims complaint in January 2024. The complaint was

served with a note that defendant was in custody. Defendant appeared at a pretrial hearing via Zoom. On its own motion, the trial court issued a writ of *habeas corpus* to secure defendant's attendance at trial.

¶ 5 On July 23, 2024, defendant failed to appear for trial. The record shows plaintiff presented evidence. The trial court entered a default judgment against defendant in the amount of $4,182.35.

¶ 6 On July 31, 2024, defendant wrote a letter to the trial court stating the court never called for him on the day of trial. On August 16, 2024, defendant filed a pleading titled both as a motion to vacate the judgment and as a notice of appeal, alleging he was incarcerated and had no control over the jail calling him to appear for court. Defendant requested a new court date for trial.

¶ 7 On September 9, 2024, defendant sent another letter to the trial court about the matter and filed a new motion to vacate the judgment. The motion stated that a court date was set for October 3, 2024, and the court would need to require the jail to have defendant appear. However, a writ of *habeas corpus* or a request for such a writ does not appear in the record. Also on September 9, 2024, the court returned unspecified correspondence from defendant because it was sent to the wrong office and did not include a required fee. However, the court's docket sheet shows the new motion to vacate the judgment was filed.

¶ 8 Meanwhile, defendant's August 16, 2024, pleading was filed as a notice of appeal in the trial court and was filed in the appellate court on August 21, 2024. On September 13, 2024, this court dismissed the appeal because defendant failed to file a docketing statement.

¶ 9 The trial court's docket sheet states that, on October 3, 2024, a hearing was held on defendant's motion and the matter was dismissed for want of prosecution. The record does not contain transcripts or substitutes for transcripts of any of the hearings held in the case.

¶ 10        In February 2025, defendant filed a petition for leave to appeal to the Illinois Supreme Court. The supreme court denied the petition but, in the exercise of its supervisory authority, ordered this court to vacate the dismissal of defendant's appeal and allow him to file a late docketing statement. On June 24, 2025, defendant filed a new docketing statement. That statement did not reference the October 3, 2024, dismissal of defendant's motion to vacate the judgment.

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, in a two-page brief, defendant states he did not appear for trial because a Winnebago County court officer did not allow him to do so. For legal argument, defendant states he has been in continuous custody, he was not the person who hit plaintiff's vehicle, and the trial court denied him his right to be present and put forth evidence in his defense. Because defendant's brief fails to comply with multiple subsections of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form of appellate briefs, including showing that this court has jurisdiction, we dismiss the appeal.

¶ 14        As an initial matter, we note Hamberlin, as the appellee, did not file an appellate brief. However, because we find the record in this case is simple and the issues can be easily decided without the aid of an appellee's brief, we will not reverse on that basis. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 15        This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. This is a harsh but appropriate sanction when the appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 16      We recognize defendant is appearing *pro se*. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 (stating a *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney). This is true in both the trial court and this court of review. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin*, 2021 IL App (3d) 200410, ¶ 3. A *pro se* appellant is not excused from following the requirements of Rule 341. *Id.*

¶ 17      "Failure to comply with the rules regarding [appellate] briefs is not an inconsequential matter." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 18      Defendant's appellate brief violates multiple rules that govern appeals. For example, Rule 341(h)(1) through (4) requires (1) a table of contents, (2) an introductory paragraph that includes the nature of the action and the judgment appealed from, (3) a statement of the issues presented for review, and (4) a statement of jurisdiction. Ill. S. Ct. R. 341(h)(1)-(4) (eff. Oct. 1, 2020). Defendant has provided none of those items in his brief.

¶ 19      Rule 341(h)(6) requires an appellant's brief to contain a statement of the facts necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "A reviewing court is not obligated to search the record for evidence on which to base a reversal, and

unless reference is made to those portions of the record supporting reversal, the argument will not be considered." *Webb v. Angell*, 155 Ill. App. 3d 848, 854 (1987). Here, defendant provides two paragraphs of facts, with no citations to the record.

¶ 20 Most important, Rule 341(h)(7) requires the brief to contain an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant is obligated to define issues clearly, cite pertinent authority, and present a cohesive legal argument. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). In much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he or she raises on appeal. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Instead, this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.* Contentions that are inadequately presented on appeal, such as by the failure to provide coherent argument or cite pertinent authority, do not merit consideration. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 21 Defendant merely states two primary conclusions. First, he asserts he did not damage plaintiff's vehicle, which is an unsubstantiated factual conclusion. Second, he argues the trial court denied him his right to appear at the trial. Defendant does not cite a single legal authority to support his assertions. He also does not address the effect of the court's later dismissal for want of prosecution of his motion to vacate the judgment, where he presumably would have been able to raise the issue of his failure to appear for trial and seek relief. Overall, defendant failed to provide any meaningful legal analysis or relevant authority.

¶ 22 We also note there is a question of jurisdiction in this case. From the record, it

appears defendant filed his appeal before his later posttrial motion was heard. In between, this court dismissed the appeal, and the trial court ruled on the posttrial motion. Defendant did not appeal the dismissal for want of prosecution, but the initial appeal was later reinstated. The effect of those circumstances on our jurisdiction is not fully clear, and defendant has not provided us with a statement of jurisdiction showing a jurisdictional basis for the appeal.

¶ 23   "The question of jurisdiction of the appellate court must be determined prior to deciding the merits of an appeal." *Dillard v. Kean*, 183 Ill. App. 3d 28, 31 (1989). However, as previously noted, the appellate court is not a depository in which the appellant may dump the burden of argument and research. *Id.* We are not required to do defendant's homework in order to show we have jurisdiction. *Id.* Accordingly, we conclude that, based on defendant's multiple violations of Rule 341(h), his appeal should be dismissed. See *id.*

¶ 24   We also note, even if we were to excuse the failings of defendant's brief, we would then affirm based on the lack of a report of proceedings.

¶ 25   "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, we must presume that the trial court acted properly. See *id.* at 392.

¶ 26   Here, to the extent defendant takes issues with the trial court's decision based on the evidence at trial, we lack a record to show the full extent of the evidence offered and the court's findings of fact and legal reasoning concerning that evidence. To the extent defendant alleges the county jail prevented him from appearing for trial, he does not provide a record to show whether

the court inquired about his absence at trial or made attempts to secure his remote appearance. Defendant also does not provide a record of the October 3, 2024, hearing on his motion that was dismissed for want of prosecution. Thus, it is unknown what, if anything, was addressed at that hearing regarding defendant's ability appear at trial. Defendant has not alleged he was prevented from attending that hearing. As previously noted, he does not address the effect of that hearing at all.

¶ 27 We recognize the dismissal of an appeal is a harsh sanction. However, because of the deficiencies in defendant's brief, we find the dismissal of his appeal appropriate.

¶ 28 III. CONCLUSION

¶ 29 For the foregoing reasons, we strike defendant's brief and dismiss the appeal.

¶ 30 Appeal dismissed.