2021 IL App (3d) 200410

Opinion filed November 29, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| ERIC LITWIN, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | La Salle County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| THE COUNTY OF LA SALLE, | ) | |
| THE VILLAGE OF UTICA, | ) | Appeal No. 3-20-0410 |
| THE VILLAGE OF NORTH UTICA, | ) | Circuit No. 17-L-32 |
| JERRY L. HICKS, JERRY NANOUSKI, and | ) | |
| DAVID STEWART, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (The Village of Utica and the Village of North | ) | Eugene P. Daugherity, |
| Utica, | ) | Judge, Presiding. |
| | ) | |
| Defendants-Appellees). | ) | |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1     The plaintiff, Eric Litwin, was convicted of unlawful cannabis trafficking and was

sentenced to 12 years' imprisonment. *People v. Litwin*, 2015 IL App (3d) 140429, ¶ 30. He

appealed, and this court reversed his conviction, finding that the circuit court erred when it denied

his motion to quash arrest and suppress evidence. *Id.* ¶ 44. The State dismissed his charges.

¶ 2     Litwin then brought the instant action against multiple defendants: La Salle County, the Village of Utica, the Village of North Utica, Chairman Jerry L. Hicks (La Salle County), Officer Jerry Nanouski (Village of North Utica), and Mayor David Stewart (Village of Utica). He raised issues related to the investigation, detention, and prosecution of his criminal case. At issue here is Litwin's fourth amended complaint, which the circuit court dismissed with prejudice.

¶ 3     Before we can consider the merits of Litwin's appeal, we find that we are constrained by the inadequacy of his appellate brief. We note that the procedural rules governing the content and form of appellate briefs are mandatory and not suggestions. *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 11. Further, self-represented litigants are not excused from following these rules. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5.

¶ 4     First, Illinois Supreme Court Rule 341(h)(3) (eff. Oct. 1, 2020) requires the appellant to include a concise statement of the applicable standard of review. Litwin provides in his brief: "The issue of whether a claim is barred by *res judicata* is an issue of law that mandates a *de novo* review." *Res judicata* was not at issue below, and the principle does not appear again in his brief.

¶ 5     Second, Rule 341(h)(4) requires the appellant to provide a precise statement or explanation for the basis of the appeal, including the supreme court rule or other law that confers jurisdiction to this court. Litwin brief provides that jurisdiction lies in Illinois Supreme Court Rule 315 (eff. Oct. 1, 2020). However, Rule 315 only pertains to leave of appeal from the appellate court to the supreme court.

¶ 6     Third, Rule 341(h)(5) requires the appellant to provide a section in his brief containing pertinent parts of a statute when the case involves the statute's construction or validity. Here, Litwin argues for his interpretation of the Local Governmental and Governmental Employees Tort

2

Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2012)), but his brief is devoid of a section providing the statute's language in a section titled "Statutes Involved" or similar.

¶ 7    Fourth, Rule 341(h)(6) requires the appellant to provide a statement of facts containing the facts necessary to understand the case with reference to the pages of the record. Litwin's statement of facts contains a few sentences to describe over three years of litigation with multiple defendants and four amended complaints. He merely provides his causes of action and the dates some of his complaints were filed or dismissed. Litwin failed to adequately inform this court of the context of the court's rulings which he argues are erroneous. In further violation, his statement of facts is devoid of any reference to the pages of the record.

¶ 8    Fifth, Rule 341(h)(7) provides that the appellant's brief contain both argument and citation to relevant authority. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). "An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy *** the rule." *Id.* Litwin's argument section appears to be a stream of consciousness taking the form of undeveloped, confusing, and vague allegations of error. For example, his brief switches between his argument and what appears to be some facts of his case and facts from case law without any transition. Without the proper context provided by a statement of facts, it is even more difficult to decipher.

¶ 9    Nonetheless, the most recognizable argument Litwin makes is that the circuit court was biased against him. His notice of appeal provides "Its [*sic*] impossible to get a fair trail [*sic*] when the judgements [*sic*] are on the side of the city and county's interest. Wishing for a fair bite of the apple." His brief expands on this issue regarding the court's refusal to hear his late filings and how courthouse security intentionally emptied his documents from his briefcase to deliberately cause disorder. It appears this is the first time Litwin raised this issue by his own language "Plaintiff now alleges [the court] showed bias against [him]." Arguments not raised before the circuit court are

usually forfeited and cannot be raised for the first time on appeal. *Mabry v. Boler,* 2012 IL App (1st) 111464, ¶ 15. Moreover, Litwin also failed to cite authority to support his contention of bias.

¶ 10    Sixth, Rule 341(h)(9) requires that the appellant's brief include an appendix. An appendix must include a table of contents to the appendix, the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the trial judge, any pleadings or other materials from the record that are the basis of the appeal or pertinent to it, the notice of appeal, and a complete table of contents, with page references, of the record on appeal. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). Litwin's document titled "Appendix" is merely a one-page document listing only the record and transcripts filed in the case, and the defendants did not file an appendix either.

¶ 11    When an appellant's brief fails to comply with the requirements of Rule 341, this court has the discretion to strike the brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. We recognize that striking a brief is a harsh sanction and is only appropriate where the violations of procedural rules hinder our review. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15. The aforementioned failures, in totality, hinder our ability to understand the facts of the case and Litwin's contentions of error. We will not search the record for the purpose of finding error where an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs. *Id.*; but see *Prawdzik v. Board of Trustees of Homer Township Fire Protection District Pension Fund*, 2019 IL App (3d) 170024, ¶ 34 (appellate review was not hindered by an improper appendix where the brief included citations to the relevant record materials); *Viper Tradeshow Transportation, Inc. v. American Veterinary Medical Ass'n*, 2021 IL App (1st) 210008-U, ¶ 15 (appellate review was not hindered by an improper appendix where the appellee provided a complete appendix in its brief).

¶ 12    For the foregoing reasons, we exercise our discretion to strike Litwin's brief and dismiss

the appeal.

¶ 13            Appeal dismissed.

| | |
|---|---|
| | **No. 3-20-0410** |
| **Cite as:** | *Litwin v. County of La Salle*, 2021 IL App (3d) 200410 |
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No. 17-L-32; the Hon. Eugene P. Daugherity, Judge, presiding. |
| **Attorneys for Appellant:** | Eric S. Litwin, of South Easton, Massachusetts, appellant *pro se*. |
| **Attorneys for Appellee:** | K. Austin Zimmer and Timothy A.M. Woerner, of Del Galdo Law Group, LLC, of Berwyn, for appellees. |