NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 231203-U

NO. 4-23-1203

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE DEPARTMENT OF TRANSPORTATION OF THE STATE OF ILLINOIS, for and on behalf of the People of the State of Illinois, | ) ) ) | Appeal from the Circuit Court of Winnebago County |
|     Plaintiff-Appellee, | ) | No. 20ED4 |
|     v. | ) | |
| ADOLFO TORRES SANCHEZ, | ) | |
|     Defendant-Appellant, | ) | |
|     and | ) | Honorable |
| THE CITY OF ROCKFORD, | ) | Ronald A. Barch, |
|     Defendant. | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1 *Held*: Defendant's appeal was dismissed because of his failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 2 On May 7, 2020, plaintiff, the Illinois Department of Transportation (IDOT), for and on behalf of the People of the State of Illinois, filed a complaint for condemnation of the property at issue in this appeal (parcel No. 2061355) and for a three-year temporary construction easement over additional property (parcel No. 2061355/E). IDOT named defendant, Adolfo Torres Sanchez, the property's owner, and the City of Rockford (City), a lienholder, as defendants in the case. IDOT alleged it was reconstructing a state highway running through Winnebago County, Illinois, and acquiring Torres Sanchez's property was necessary for the project. Citing section 4-501 of the Illinois Highway Code (605 ILCS 5/4-501 (West 2020)), IDOT alleged it could acquire

the property in accordance with the Eminent Domain Act (735 ILCS 30/1-1-1 *et seq.* (West 2020)). The trial court entered an order vesting title of the property to IDOT. After Torres Sanchez failed to appear, the court awarded final just compensation for the property of $1,075. Thereafter, Torres Sanchez filed this appeal, appearing *pro se*. Because of the deficiencies of Torres Sanchez's appellant's brief, we strike his brief and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4             On May 7, 2020, IDOT filed its condemnation complaint, alleging it had made a good faith offer to purchase Torres Sanchez's property but had been unable to reach an agreement. On May 18, 2020, IDOT filed a motion for immediate vesting of title to the property under the quick take provisions in article 20 of the Eminent Domain Act (*id.* § 20-5-5 *et seq.*).

¶ 5             On June 30, 2020, Torres Sanchez, appearing *pro se*, filed a broad response to IDOT's complaint, which contained sections purporting to be a general denial, a verified denial, a "special exception," a motion to dismiss, and affirmative defenses. According to Torres Sanchez, IDOT's claim arose from a crime committed by the City against him and his property, and IDOT was complicit in cooperating with the City in the alleged crime. Torres Sanchez argued IDOT's purchase offer was not made in good faith because IDOT was trying to acquire the property at no cost, despite IDOT receiving information from him about the City's alleged criminal or fraudulent acts. The crime or fraud alleged appeared to be related to an ongoing dispute with the City concerning the previous demolition of a building that had stood on his property.

¶ 6             On August 4, 2020, IDOT responded, noting most of Torres Sanchez's requested remedies related to his ongoing legal disputes with the City. According to IDOT, Torres Sanchez's allegations that IDOT was not properly exercising its eminent domain authority should be construed as a traverse and addressed before a determination of preliminary just compensation and

entering of an order vesting title of the property. In the interest of judicial economy, IDOT asked the trial court to allow it to establish the elements justifying the quick take of the property and preliminary just compensation in a single hearing. The court scheduled a hearing for September 15, 2020.

¶ 7        At the hearing, Torres Sanchez appeared *pro se* and was provided a Spanish interpreter. IDOT presented evidence establishing the value of the property and its offer made to Torres Sanchez. Torres Sanchez argued the taking was improper and asserted the City had offered him more money than IDOT. The trial court found IDOT had the authority to exercise the right of eminent domain, the property was subject to IDOT's exercise of its right, and IDOT was not improperly exercising its right. Further, the court found the existence of a reasonable necessity for taking the property in the manner requested by IDOT. Additionally, the court determined $1,075 would constitute preliminary just compensation for the property and easement. Moreover, the court indicated IDOT would be vested with fee simple title to the property after depositing that amount with the Winnebago County Treasurer, which IDOT later deposited on October 28, 2020. On December 9, 2020, the court entered an order vesting title of the property to IDOT under section 20-5-15 of the Eminent Domain Act (*id.* § 20-5-15).

¶ 8        The setting of final just compensation did not occur until September 2023. Between November 2020 and September 2023, Torres Sanchez filed numerous motions, continuing to challenge IDOT's authority to take the property. IDOT opposed the motions. On September 9, 2021, Torres Sanchez failed to appear, and the trial court granted IDOT's motion to strike Torres Sanchez's motions.

¶ 9        The trial court set a discovery deadline of December 1, 2021. Torres Sanchez continued to serve IDOT with discovery documents after the deadline. On June 1, 2022, the court

- 3 -

granted IDOT's motion for a protective order. Following that order, Torres Sanchez continued to file motions challenging IDOT's authority to take the property. On January 27, 2023, the court noted Torres Sanchez had not appealed the September 2020 order vesting title of the property with IDOT and found his motions were improper postjudgment motions. The court barred Torres Sanchez from filing additional postjudgment motions.

¶ 10　　　　In February 2023, Torres Sanchez filed an interlocutory appeal, which was dismissed. Thereafter, he filed motions again challenging IDOT's authority to take the property and a motion to continue the trial, alleging he was ill due to being injected with graphene oxide and exposed to electromagnetism from 5G antennas. Torres Sanchez failed to appear at a pretrial conference, and the trial court denied his motions. In a written order, the court emphasized in red letters that the trial would held on September 18, 2023, and should Torres Sanchez fail to appear, a default judgment could be entered against him.

¶ 11　　　　On September 15, 2023, Torres Sanchez moved to reconsider the denial of his motion to continue. The motion sought a bench trial and alleged a variety of unsubstantiated claims, such as that he was involuntarily injected with a substance designed by "They" to create "neuro-slavery and extermination," and expressing concern about things such as "Algorithm Artifacts (A.I.) of 5G Antennas." Torres Sanchez attached over 300 pages of documents, many of which were from a separate eminent domain action, and none of which provided medical documentation to support his alleged illness.

¶ 12　　　　On September 18, 2023, Torres Sanchez failed to appear for trial. The trial court denied Torres Sanchez's request to continue and granted IDOT's motion for a default judgment but required IDOT to present evidence supporting the final amount of just compensation. After hearing IDOT's evidence, the court entered a final judgment of just compensation in the amount

of $1,075. The court denied Torres Sanchez's motions to reconsider.

¶ 13    This appeal followed.

¶ 14                        II. ANALYSIS

¶ 15    On appeal, in a difficult to follow and rambling brief, Torres Sanchez argues the trial court lacked jurisdiction and erred in numerous respects. IDOT argues this court should dismiss Torres Sanchez's appeal because his appellant's brief fails to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form of appellate briefs. We agree and dismiss the appeal.

¶ 16    This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. This is a harsh but appropriate sanction when the appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 17    We recognize Torres Sanchez is appearing *pro se*, as he has throughout the proceedings in the trial court. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. A *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true in both the trial court and this court of review. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin*, 2021 IL App (3d) 200410, ¶ 3. A *pro se* appellant is not excused from following the requirements of Rule 431. *Id.*

¶ 18    "Failure to comply with the rules regarding appellate briefs is not an inconsequential matter." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues

- 5 -

involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 19    Defendant's appellate brief violates multiple rules that govern appeals. For example, Rule 341(h)(6) requires an appellant's brief contain a statement of the facts necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "A reviewing court is not obligated to search the record for evidence on which to base a reversal, and unless reference is made to those portions of the record supporting reversal, the argument will not be considered." *Webb v. Angell*, 155 Ill. App. 3d 848, 854 (1987).

¶ 20    Here, Torres Sanchez provides rambling and unsubstantiated facts, many of which contain equally rambling argument, with no citation to the record. When he does cite the record, it often is in regard to the pages of a motion or order accompanied by argument concerning that motion or order.

¶ 21    Further, Rule 341(h)(7) requires the brief contain an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant is obligated to define issues clearly, cite pertinent authority, and present a cohesive legal argument. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). In much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he raises on appeal. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Instead, this court is "entitled to have the issues clearly defined and a cohesive legal

argument presented." *Id.* Contentions that are inadequately presented on appeal, such as by the failure to provide coherent argument or cite pertinent authority, do not merit consideration. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 22        Here, Torres Sanchez has scattered unsupported, conclusory, and outlandish allegations of error throughout his brief. While he provides legal principles and cites cases, he appears to have simply copied and pasted into his brief numerous sections of boilerplate from seemingly irrelevant cases, with no explanation as to how the material is relevant to IDOT's eminent domain action against him. He has failed to provide any cogent or meaningful legal analysis or relevant authority. As a result, under Rule 341(h)(7), Torres Sanchez forfeited every allegation of error he included in his appellant's brief. Regardless of forfeiture, to the extent we understand Torres Sanchez's contentions of error, his assertions appear meritless.

¶ 23        We recognize the dismissal of an appeal is a harsh sanction. However, we also note this is the second time this court has dismissed an appeal from Torres Sanchez for failing to comply with Rule 341. See *Department of Transportation v. Torres Sanchez*, 2023 IL App (4th) 220767-U. Because of the deficiencies in Torres Sanchez's appellant's brief, including the forfeiture of every assertion of error he raised on appeal, we find the dismissal of his appeal appropriate based on the facts of this case.

¶ 24                               III. CONCLUSION

¶ 25        For the foregoing reasons, we exercise our discretion and strike Torres Sanchez's brief and dismiss the appeal.

¶ 26        Appeal dismissed.