NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250776-U

NO. 4-25-0776

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 9, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| STUART A. SCOTT, | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Rock Island County |
|     and | ) | No. 19D170 |
| DELILAH R. SCOTT, | ) | |
|     Respondent-Appellant. | ) | Honorable |
| | ) | John L. McGehee, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Knecht and Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*: Respondent's brief was stricken and her appeal was dismissed because her brief failed to make cognizable and legally supported arguments.

¶ 2     Respondent Delilah R. Scott, appearing *pro se*, appeals from a trial court order modifying the allocation of parental responsibilities and parenting time for her minor child S.A.S. Because of the deficiencies of respondent's appellant's brief, we strike her brief and dismiss the appeal.

¶ 3                           I. BACKGROUND

¶ 4     In July 2022, a judgment of dissolution of marriage between respondent and petitioner Stuart A. Scott was entered by the trial court that incorporated an agreed parenting plan. In October 2023, respondent filed a petition to modify the allocation of parental responsibilities and parenting time for S.A.S. The petition alleged in part that petitioner (1) attempted to alienate

respondent from S.A.S., (2) was uncooperative, and (3) abused S.A.S. Respondent included a proposed parenting plan that would deprive petitioner of all parenting time. Petitioner filed a response and his own petition to modify the allocation of parental responsibilities and parenting time, alleging in part that respondent (1) had undertaken a deliberate course of action to alienate petitioner from S.A.S. by making repeated unfounded abuse allegations against him, (2) improperly removed S.A.S. from the state, and (3) threatened physical harm to petitioner, resulting in an order of protection being entered against respondent. Petitioner sought to be awarded all significant decision making authority regarding S.A.S. and the majority of parenting time.

¶ 5 The trial court's docket sheet shows a multiday trial was held in April and June 2025, during which both parties testified and submitted exhibits. The record does not contain a transcript or substitute for a transcript of those proceedings or the exhibits that were submitted. On July 16, 2025, the court entered an order modifying the allocation of parental responsibilities and parenting time, allocating primary decision making authority and custody of S.A.S. to petitioner.

¶ 6 On July 21, 2025, respondent appealed. On August 18, 2025, respondent applied for a waiver of fees for obtaining a transcript of the trial proceedings for the appellate record. She did not provide any financial information and instead checked a box on a form stating that she received public benefits. The trial court's docket sheet shows that, on August 20, 2025, the court reviewed the application for a waiver of fees and ordered respondent to file proof of public assistance as alleged in the application. The court stated, "Once proof has been filed and satisfies court then court will rule on transcript request." In her brief, respondent states that, on August 26, 2025, "for public view on case 19D170," the court found she was entitled to a 25% waiver of fees. However, that order does not appear in the record, nor is there a transcript of any hearing on the

matter or records showing what, if any, additional information respondent provided to the trial court. The record on appeal was filed a day earlier, on August 25, 2025.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, respondent argues the trial court erred in multiple respects and also suggests the court erred in not granting her a full waiver of fees in order to provide a complete record on appeal. However, because respondent's appellant's brief fails to comply with multiple subsections of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form of appellate briefs, we dismiss the appeal.

¶ 9        This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. This is a harsh but appropriate sanction when the appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 10        We recognize respondent is appearing *pro se*. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. A *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true in both the trial court and this court of review. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin*, 2021 IL App (3d) 200410, ¶ 3. A *pro se* appellant is not excused from following the requirements of Rule 341. *Id.*

¶ 11        "Failure to comply with the rules regarding [appellate] briefs is not an inconsequential matter." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues

involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 12 Respondent's appellate brief violates multiple rules governing appeals. For example, Rule 341(h)(1) through (4) requires (1) a table of contents, (2) an introductory paragraph that includes the nature of the action and the judgment appealed from, (3) a statement of the issues presented for review, and (4) a statement of jurisdiction. Ill. S. Ct. R. 341(h)(1)-(4) (eff. Oct. 1, 2020). Respondent has provided none of those items in her brief.

¶ 13 Rule 341(h)(6) requires an appellant's brief to contain a statement of the facts necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "A reviewing court is not obligated to search the record for evidence on which to base a reversal, and unless reference is made to those portions of the record supporting reversal, the argument will not be considered." *Webb v. Angell*, 155 Ill. App. 3d 848, 854 (1987). Here, respondent provides brief paragraphs of unsubstantiated facts without citation to the record.

¶ 14 Further, Rule 341(h)(7) requires the brief to contain an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant is obligated to define issues clearly, cite pertinent authority, and present a cohesive legal argument. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). In much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he or she raises on appeal. *In re Marriage of Hundley*, 2019 IL

App (4th) 180380, ¶ 82. Instead, this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.* Contentions that are inadequately presented on appeal, such as by the failure to provide coherent argument or cite pertinent authority, do not merit consideration. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 15    Respondent fails to meaningfully cite or apply legal authorities to support her contentions. Instead, she merely lists several statutory sections, court rules, and the Illinois Code of Judicial Conduct, without an explanation of their relevance or how they apply to the facts of her case. Overall, respondent failed to provide any cogent or meaningful legal analysis. We recognize respondent suggests the trial court erred by failing to grant her a full waiver of fees, resulting in the record on appeal also being deficient. However, respondent fails to provide a cogent legal argument regarding that issue as well.

¶ 16    We note that some of these deficiencies stem from the fact that the record contains no report of proceedings, but most of them do not. In other words, dismissal is required here by respondent's inadequate briefing, separate and apart from the failure to include a report of proceedings.

¶ 17    With respect to respondent's argument that her failure to include a report of proceedings is due to the trial court's failure to approve her request for waiver of the cost of preparing it, we note that the record on appeal does not show that there was a ruling on the request for waiver. However, it is permissible for us to take judicial notice of facts contained in public records, including a court record. *People v. Johnson*, 2021 IL 125738, ¶ 54. This includes taking notice of a local court's online records. *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 31. Here, we take judicial notice of the fact that on August 26, 2025, the court docket sets forth the trial court's ruling on the issue of waiving the costs of preparing the report of

proceedings:

> "Delilah Scott presented court with application that she is receiving children and family services of daycare reimbursement. Court determines that this is not general assistance and receiving [ ] such assistance is based on a different poverty level. Court reviews financial affidavit filed April 16, 2025 and determines that her income is 48,000 a year before child support and based on 2025 poverty levels she is entitled to a 25% waiver on fees and transcript costs for the appeal."

¶ 18 Our first observation here is with respect to whether we have jurisdiction to review this ruling, which was made after the appeal was perfected. It is unclear whether, under these circumstances, respondent was required to separately appeal this ruling. We note that respondent has not provided us with a statement of jurisdiction showing a jurisdictional basis for the appeal of this ruling. We are not required to do respondent's homework for her in order to show that we have jurisdiction. See *Dillard v. Kean*, 183 Ill. App. 3d 28, 31 (1989) ("We are not required to do [respondent's] homework for [her] and then grade it as well.").

¶ 19 Furthermore, we note that respondent has not provided this court with information sufficient to enable us to review her contention—again, made without citation to authority—that her receipt of the childcare benefit entitles her to a complete waiver of court fees. See 735 ILCS 5/5-105(a)(2)(i) (West 2024) (setting forth public benefit eligibility that also triggers a complete waiver of court fees).

¶ 20 Finally, with respect to the trial court's ruling that respondent was entitled to a waiver of 25% of the cost of preparing the report of proceedings, she argues that there are "no civil court guidelines that determine this percentage." However, the percentage is clearly specified by state law based on income. See *id.* § 5-105(b)(2)(iii). Here, then, the issue is not just that

respondent's argument is unsupported by citation to relevant authority; it is expressly contradicted by it.

¶ 21　　　　Accordingly, we conclude that, based on respondent's multiple violations of Rule 341(h), her brief should be stricken and her appeal should be dismissed. We recognize the dismissal of an appeal is a harsh sanction. However, because of the deficiencies in respondent's appellant's brief, we find the dismissal of her appeal is necessary and appropriate.

¶ 22　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　For the foregoing reasons, we strike respondent's brief and dismiss the appeal.

¶ 24　　　　Appeal dismissed.