2026 IL App (2d) 250126-U
No. 2-25-0126
Order filed January 21, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

MARY CAPRI, Plaintiff-Appellant,
v. ANGI INC., Defendant-Appellee.

Appeal from the Circuit Court of Kane County.
Honorable Elizabeth K. Flood,
Judge, Presiding.
No. 24-AR-887

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: On appeal from the dismissal of plaintiff's complaint alleging discrimination against the owner of an online platform through which homeowners could hire service providers, we reject plaintiff's arguments that the trial court committed procedural error in dismissing the complaint. Also, plaintiff's claim that the dismissal was substantively erroneous is forfeited because (1) it was not raised below and (2) it is not sufficiently developed on appeal.

¶ 2    *Pro se* plaintiff, Mary Capri, appeals the trial court's dismissal, with prejudice, of her one-count "Discrimination by Image" complaint against defendant, Angi Incorporated. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On January 16, 2024, plaintiff filed a "Charge of Discrimination" against defendant with the United States Equal Employment Opportunity Commission (EEOC). Plaintiff alleged:

"In or around October, 2023, I applied as an On Call Housekeeper. I was contacted by [defendant] stating that I was hired for the position. After submitting a photograph of myself to [defendant], in or around October, 2023, I was denied the position.

I believe that I was discriminated against because of race, Black, and color, medium complexion, in violation of Title VII of the Civil Rights Act of 1964, as amended."

¶ 5     On June 11, 2024, the EEOC sent plaintiff a notice that it would "not proceed further with its investigation" and "ma[de] no determination about whether further investigation would establish violations of the statute." The EEOC further stated that it was not rendering an opinion on the merits of plaintiff's claim and that she had the right to sue in court within 90 days of the notice. The notice also specified: "Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)"

¶ 6     On September 24, 2024, plaintiff filed a one-count complaint alleging "Discrimination by Image." The complaint appeared to be brought on a preprinted form. "Non-Wage" was preprinted at the top of the first page. In her general allegations, plaintiff stated as follows. "Handy Pro," where plaintiff had worked for years, merged with defendant. After the merger, defendant "ask[ed] everyone to upload their [p]hotos via [d]rivers [*sic*] [l]icense, and [u]pdate their [b]ackground [c]hecks." Plaintiff alleged that she complied by submitting her driver's license, but defendant "shut [o]ff [her] [a]ccount [i]mmediately [after viewing] [her] [f]ace." When she inquired about the problem, defendant again invited her to submit her identification. Plaintiff continued to have difficulty with her account. She later learned that defendant had never conducted a background check on her, "even though [she] had 100% great [r]eviews, and people [were] still requesting [her] services." She alleged that defendant's failure to conduct a background check on her was due

to "[r]acial [d]iscrimination of either [r]ace/[c]olor/[a]ppearance." Plaintiff alleged that she lost months of wages while waiting for defendant to approve her for work.

¶ 7    In her count for "Discrimination by Image," plaintiff alleged that, although defendant had several other Black workers, defendant "[did] not want her image" because she did not wear makeup or jewelry or take other such pains with her appearance. According to plaintiff, in refusing to activate her account, defendant defied the wishes of its clients, who had given plaintiff positive reviews and had queried defendant about plaintiff's absence from defendant's list of service providers. Plaintiff's complaint cited no legal authority.

¶ 8    On January 16, 2025, defendant filed a combined motion under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)) to dismiss plaintiff's complaint. In the motion's "Factual Background" section, defendant alleged as follows. Through its affiliate "Handy Technologies, Inc.," (Handy) defendant operated an online platform that connected homeowners to home service providers who offered to perform household tasks. The homeowners, not defendant, hired all providers using the platform. Also, the homeowners determined the date, time, and type of service provided. Providers could choose when they used the platform and what jobs they wanted to accept. At no point were providers obligated to perform work for defendant, and providers were free to advertise work on platforms other than defendant's platform. In 2019, plaintiff created an account on defendant's platform and utilized it until 2021. In 2023, plaintiff attempted to create a new account on the platform but did not succeed because she already had an active account. Plaintiff was never denied use of the platform; rather, she "merely needed to log in to the account she created in 2019."

¶ 9    Defendant urged four grounds for dismissal. First, plaintiff failed to show proper service of process, because she did not serve notice on an agent of defendant. Second, plaintiff's complaint

failed to cite authority or identify her cause of action. Thus, her claim could not have succeeded under either Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e, *et seq.* (2018)) or the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2022)), because " 'image' " is not a "protected characteristic" under either statute. Third, assuming plaintiff stated a valid claim, and assuming the claim was filed in relation to the EEOC charge, the claim was time-barred for failure to file it within 90 days. Fourth, affirmative matter would negate any claim under Title VII or the Act because defendant was not plaintiff's employer. See *Wells v. Freeman Co.*, 94 F.4th 608, 614 (7th Cir. 2024) ("[r]elief under Title VII *** depends on the worker being an employee of the defendant," and the degree of control is the predominant factor in determining whether an employment relationship existed); *Mitchell v. Department of Corrections*, 367 Ill. App. 3d 807, 811 (2006) (the petitioner's discrimination claim under the Act depended on whether the respondent was his employer, and "control of the manner in which work is done is considered the most important" factor in that inquiry). Defendant argued that plaintiff was the user of an online platform and not an employee of Handy or defendant. When plaintiff began utilizing the platform in 2019, its "Terms of Use" specified that "[s]ervice professional[s]" using the platform were "independent contractor[s]," and that the terms "shall not be construed to create any association, partnership, joint venture, employee, worker or agency relationship between [s]ervice [p]rofessional[s] and [Handy]."

¶ 10     On January 23, 2025, the trial court entered an order noting that plaintiff was appearing *pro se* in the matter. The court imposed deadlines for a response and reply and set February 27, 2025, for a hearing on the motion to dismiss.

¶ 11    On February 13, 2025, plaintiff filed both an answer to the motion to dismiss and a "Motion to Vacate" the motion to dismiss. Thereafter, defendant filed a reply brief in support of its motion to dismiss.

¶ 12    On February 27, 2025, the trial court entered an order noting that defendant was present in court but that plaintiff had failed to appear and also failed to answer "the phone call from the [c]ourt." The court construed plaintiff's "Motion to Vacate" as a motion to strike defendant's motion to dismiss, and the court denied plaintiff's motion as so construed. In addition, the court granted in part and denied in part defendant's motion to dismiss. Specifically, the court denied defendant's motion as to its "procedural arguments" but granted the motion as to its "substantive arguments, including that it was not [p]laintiff's employer." The court dismissed the complaint with prejudice.

¶ 13    This timely appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Plaintiff appeals from the dismissal, with prejudice, of her one-count "Discrimination by Image" complaint.

¶ 16    Plaintiff presents five points of argument, which can be reduced to the following three arguments: (1) the trial court's dismissal of her complaint was an improper rejection of the court-approved form entitled "Non-Wage," which she had utilized; (2) the court erred in declining to address "the Initial Federal Question of Discrimination"; and (3) defendant's actions as alleged in her complaint were a "[v]iolation of title 42 U.S. Code § 1983—An Action for Deprivation of Civil Rights" and "[t]he 14th Amendment." We address these arguments in turn.

¶ 17    First, contrary to plaintiff's suggestion, the trial court dismissed her complaint because it lacked substantive merit, not because it was printed on a "Non-Wage" complaint template. Also,

to the extent plaintiff suggests that the court was obligated to deny the motion to dismiss *because* the complaint used the "Non-Wage" template, such a suggestion is plainly misconceived.

¶ 18 Second, the trial court did not decline to address plaintiff's discrimination claim. Plaintiff's mistaken belief might be due to the fact that the court adopted defendant's arguments and did not articulate all of its (adopted) reasons for dismissal, except to state that defendant was not plaintiff's employer. However, the court's order leaves no doubt that it considered the parties' arguments and found plaintiff's complaint substantively deficient.

¶ 19 As for plaintiff's third claim—a section 1983 claim (see 42 U.S.C. § 1983 (2018)) premised on violations of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV)—defendant argues that plaintiff forfeited the claim by failing to raise it below. See *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15 ("Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal."). Notably, defendant does not claim forfeiture on the basis that plaintiff's complaint cited authorities *other than* section 1983; indeed, plaintiff's complaint cited *no* authority. Rather, defendant claims forfeiture because "[p]laintiff's opening [b]rief is the first mention of § 1983 or the Fourteenth Amendment in this entire case." We agree that the section 1983 claim is forfeited, no matter whether plaintiff has switched theories from the court below or has for the first time attempted to articulate a theory in this case. See *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 33 (it is well-settled that where a party fails to raise an issue before the trial court, the opposing party is deprived of the ability to appropriately respond with its own evidence and argument, thereby weakening the adversarial process).

¶ 20 Even if we deemed the section 1983 claim properly before us, we would still find it forfeited. The essence of that claim is that when defendant refused to provide plaintiff an account

because it disapproved of her image, defendant deprived its clients of their ability to choose their service providers and thereby deprived them of their fourteenth amendment rights. However, a private party cannot be found liable under section 1983 unless that party acted " 'under color of law.' " *Reuben H. Donnelley Corp. v. Brauer*, 275 Ill. App. 3d 300, 303 (1995) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

> "A private party acts under color of law if his actions satisfy the following two conditions: (1) the deprivation of the federal right must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible; and (2) the private party must act together with or obtain significant aid from state officials or engage in conduct otherwise chargeable to the State." *Id.*

Plaintiff develops no argument that her complaint's allegations met the "color of law" standard. Nor, just as important, has she developed an argument that defendant's alleged conduct infringed a right protected by the fourteenth amendment. See *Dempsey v. Johnson*, 2016 IL App (1st) 153377, ¶ 14. It is not our place to fill these crucial gaps for her. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. Plaintiff's *pro se* status does not relieve her of the duty to properly develop an argument for our consideration. See *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3. Arguments not properly developed are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct.1, 2020). Thus, even if we found that the section 1983 claim was properly before us, we would find it forfeited for lack of development.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 23    Affirmed.