NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 260039-U

NO. 4-26-0039

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 14, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* K.S., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Adams County |
| Petitioner-Appellee, | ) | No. 22JA52 |
| v. | ) | |
| Gary S., | ) | Honorable |
| Respondent-Appellant). | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Doherty and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court dismissed the appeal for respondent's failure to comply with
Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 2    Respondent, Gary S., appeals from an order striking a notice of appeal he filed on
November 25, 2025. Due to respondent's substantial failure to comply with Illinois Supreme
Court Rule 341(h)(7) (eff. Oct. 1, 2020), we strike his brief and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4    Respondent is the father of K.S., a minor who is the subject of an ongoing
juvenile proceeding. In March 2025, the trial court entered an order prohibiting respondent from
filing materials with the court without first receiving leave of court due to his prior numerous,
lengthy, and repetitive filings. (Respondent's prolific filing was discussed in a prior appeal. See
*In re K.S.*, 2025 IL App (4th) 241491-U, ¶¶ 19-27.)

¶ 5        On November 5, 2025, the trial court entered an order striking respondent's filing designated as a petition for relief from judgment (see 735 ILCS 5/2-1401 (West 2024)), which was errantly filed without leave of court. On November 25, 2025, respondent filed a notice of appeal, challenging the court's order striking his petition. The appeal was filed and docketed as appellate court case No. 4-25-1276.

¶ 6        On December 30, 2025, the trial court entered an order striking respondent's notice of appeal (along with a similar notice of appeal filed by K.S.'s mother, who is not a party to this appeal). The court stated:

        "[T]his case was set for hearing on the issue of termination of parental rights on November 24, 2025. Hearing on the pending Petition for Termination of Parental Rights is scheduled to take place on January 2, 2026. This court further FINDS and CONCLUDES that these filings of Notices of Appeal were premature, improper, and improvident and hereby STRIKES father's November 25, 2025, Notice of Appeal."

After being informed of the trial court's order striking the notice of appeal, this court dismissed case No. 4-25-1276 accordingly.

¶ 7        Respondent filed a notice of appeal challenging the trial court's order striking his prior notice of appeal on December 21, 2025, after receiving leave of court.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        Rule 341(h) governs the requirements for appellant briefs to this court. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3. Respondent's *pro se*

status does not relieve him of his obligations to comply with supreme court rules. See *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45 ("A *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants."). "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Venturella v. Dreyfuss*, 2017 IL App (1st) 160565, ¶ 22. "A brief that lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. "[T]he striking of an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the alleged violations of procedural rules interfere with or preclude review." (Internal quotation marks omitted.) *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Unfortunately, in this case, respondent's failures preclude us from undertaking any meaningful review.

¶ 11          Although respondent failed to comply with several of the requirements of appellant briefing, the most fatal error to our review is his failure to include pages six and seven of his appellant brief. These pages appear to have contained the majority of his argument. Rule 341(h)(7) requires an appellant's brief contain: "Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The only argument that was filed with this court was a paragraph pertaining to prejudice, which contained no citations to authority or complete citations to the record. "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.* It is impossible for this court to review respondent's arguments on appeal if he does not file them with this court.

¶ 12          Respondent was put on notice of the missing pages when the State filed its

appellee's brief. The State clearly addressed the issue of the missing pages, stating, "It appears that the brief is missing pages, as it goes from page 5 to page 8. [Citation]. The State confirmed with the clerk's office that the brief was filed without pages 6 and 7." Respondent was free to file a motion for leave to file an amended brief. He made no attempt to do so. In fact, respondent filed a reply brief addressing the State's other arguments on appeal, but he did not explain the missing pages or attempt to correct the error.

¶ 13        Respondent did argue in his reply brief that his opening brief "did, at minimum, identify the nature of this appeal, frame the notice-of-appeal strike issue, invoke Rule 301and 303, point to the filing-history problem, and disclose that the record remained unsettled because the underlying § 2-1401 materials had been omitted and Rule 329 correction efforts were still pending." This "minimum" is not equivalent to the minimum standard for appellant briefs. It is a long-established principle that the appellate court "is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). We will not take respondent's disjointed assertions and form them into appellate argument for him.

¶ 14        As respondent's material omission of pages in his appellant's brief makes review (or even discernment) of his claims impossible, we strike respondent's brief for failure to comply with Rule 341(h)(7) and dismiss the appeal.

¶ 15                            III. CONCLUSION

¶ 16        For the reasons stated, the appeal is dismissed.

¶ 17        Dismissed.