2026 IL App (1st) 252013-U

No. 1-25-2013

Order filed June 3, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| NICOLE STEEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 L 10898 |
| | ) | |
| OPRAH WINFREY, | ) | Honorable |
| | ) | Thomas Lyons, |
| Defendant-Appellee. | ) | Judge, presiding. |

---

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal based upon appellant's failure to comply with Illinois
          Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    Plaintiff Nicole Steel appeals *pro se* from the dismissal of her *pro se* amended complaint

against defendant Oprah Winfrey. On appeal, plaintiff alleges, relevant here, "slander" and that

defendant "[l]ied on [her] to the world." (Although plaintiff does not identify who lied, based on

context, we believe that plaintiff refers to defendant.) We dismiss.

¶ 3        The record on appeal does not contain a report of the proceedings. The following facts are gleaned from the common law record. Plaintiff proceeded *pro se* before the circuit court.

¶ 4        On August 25, 2025, plaintiff filed a "civil slander" complaint alleging that defendant (1) interfered with plaintiff's relationship with her daughter; (2) pistol-whipped plaintiff; (3) "gave" plaintiff "H.I.V." and other illnesses; (4) "stole" and sold plaintiff's property; (5) fed plaintiff a rat; (6) injected plaintiff with substances; (7) tampered with plaintiff's food; (8) agreed with a "mutual acquaintance" to have plaintiff "standup for 6 hours a day"; (9) slandered plaintiff with unflattering pictures; (10) spied on plaintiff; (11) called plaintiff a "fat pig"; and (12) sedated plaintiff and placed her in a vehicle, causing paralysis. The complaint further alleged that defendant "defamed" plaintiff through name-calling, laughter, and lying. Plaintiff sought $196,563,928.

¶ 5        On September 12, 2025, the circuit court entered a form "STRIKE/DISMISSAL ORDER." The order indicated that the court reviewed the complaint pursuant to section 2-603(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-603(a) (West 2024)). The court checked a box indicating that the complaint was stricken for failure "to state factually sufficient cause(s) of action." The court granted plaintiff leave to amend the complaint.

¶ 6        On September 19, 2025, plaintiff filed an amended complaint alleging that defendant "slandered" plaintiff "through mutual acquaintance" and that plaintiff "had a lot of problems and concerns" that the trial court "may like to hear."

¶ 7        Also on September 19, 2025, the circuit court entered a form "STRIKE/DISMISSAL ORDER," again indicating that it reviewed the complaint pursuant to section 2-603(a) of the Code. The court checked the box dismissing the amended complaint with prejudice because the amended

complaint "fail[ed] to state a cause of action which is legally recognized under Illinois [law], and no amendment or additional facts can ever be stated to grant the Plaintiff(s) the relief requested."

¶ 8    Plaintiff's timely notice of appeal lists the court's September 19, 2025, order as the order appealed from.

¶ 9    On March 3, 2026, we entered an order taking this case on the record and plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp*., 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 10    On appeal, plaintiff alleges "slander" and that defendant "[l]ied on [her] to the world." She further alleges, *inter alia*, "misue [*sic*] of health, reputation, [and] money management," that "people" are using her name and Social Security number, and that she "may be affiliated" with defendant's business associates without consent.

¶ 11    However, our review of plaintiff's appeal is stymied by her failure to comply with multiple subsections of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Illinois Supreme Court rules "are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written." *People v. Campbell*, 224 Ill. 2d 80, 87 (2006). Although plaintiff appears *pro se*, a *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. In other words, a *pro se* appellant is not excused from the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3.

¶ 12    We have the discretion to dismiss an appeal when the appellant's brief fails to comply with the requirements of Rule 341. *Id.* ¶ 11. This is a harsh, but appropriate, sanction when an appellant's violations of procedural rules hinder our review of the appeal. *Id.*

¶ 13    Although plaintiff used a preprinted form, her brief does not contain a table of contents; an introductory paragraph stating the nature of the action, the judgment appealed from, and whether any question is raised on the pleadings; and a statement of the issues presented for review. See Ill. S. Ct. R. 341(h)(1)-(3) (eff. Oct. 1, 2020). Additionally, pursuant to Rule 341(h)(6), an appellant's brief shall contain a statement of facts "necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, plaintiff's brief provides no citations to the record and contains only her narrative of the case.

¶ 14    Moreover, Rule 341(h)(7) requires an appellant's brief to include an argument section containing "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "This court is not a depository in which the burden of argument and research may be dumped." See *Holzritchter*, 2013 IL App (1st) 110287, ¶ 80. Rather, we are "entitled to have the issues clearly defined and a cohesive legal argument presented." *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Here, plaintiff's brief lacks cohesive legal arguments and reasoned bases for those arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 15    Ultimately plaintiff's lack of a statement of the issues presented for review, coupled with her failure to provide any cogent argument or citation to relevant legal authority, results in our inability to discern her issues on appeal or the meaning of her arguments. See, *e.g.*, *People v. Givens*, 237 Ill. 2d 311, 323 (2010) (courts " 'rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present' " (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). We recognize the dismissal of an appeal is a harsh sanction. However, we find the dismissal of plaintiff's appeal appropriate based upon her failure to comply with Rule 341(h). See *Litwin*, 2021 IL App (3d) 200410, ¶ 11.

¶ 16    For the foregoing reasons, we dismiss this appeal.

¶ 17    Appeal dismissed.