2024 IL App (2d) 230275
No. 2-23-0275
Opinion filed January 11, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* ADOPTION OF V.C. | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| | ) | |
| | ) | No. 23-AD-3 |
| | ) | |
| (Andrew Fak and Nicole Thompson, | ) | Honorable |
| Petitioners-Appellants, v. Donna Shelton | ) | Kathryn D. Karayannis, |
| and Patrick Shelton, Intervenors-Appellees). | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioners, Andrew Fak and Nicole Thompson, appeal the dismissal of their amended petition to adopt V.C. and the denial of their motion for visitation. Petitioners were married and resided in St. John, Indiana. V.C. was born on June 27, 2018. Her mother, Patricia C., is deceased and her father is unknown. Fak's mother was the sister of V.C.'s maternal grandmother, Karianne C. Intervenors, Patrick and Donna Shelton, were V.C.'s foster parents. For the following reasons, we affirm the trial court's order denying petitioners' motion for visitation, reverse the trial court's order dismissing petitioners' amended petition for adoption, and remand the cause for further proceedings consistent with this opinion.

¶ 2                                I. BACKGROUND

¶ 3     V.C. was made a ward of the court in *In re V.C.*, No. 22-JA-142 (Cir. Ct. Kane County). The trial court record in that case was not made a part of the record in this appeal, and we have only the parties' representations regarding what happened in that case. This much is clear: V.C. was made a ward of the court based on a finding that Patricia had neglected V.C., V.C.'s father is unknown and his parental rights have been terminated, and Patricia is now deceased.

¶ 4     According to intervenors, V.C. was initially placed with her maternal grandparents for respite care, but they did not want to foster the child. V.C. was then placed with intervenors.

¶ 5     Petitioners filed a petition for adoption of V.C. on January 9, 2023. On February 14, 2023, intervenors filed a petition to intervene and moved to strike the petition for adoption and to disqualify counsel for petitioners.

¶ 6     On May 4, 2023, petitioners filed a motion for visitation, seeking leave to bring V.C. to a celebration of life hosted by "Aunt Abby," visitation for one weekend a month with petitioners plus one weekend a month with V.C.'s maternal grandparents, and leave for all of V.C.'s family members to have electronic or telephone communications with V.C. The motion was supported by no authority, and petitioners' counsel was not representing any other family members, including the maternal grandparents.

¶ 7     On May 10, 2023, following a hearing, the trial court denied petitioners' motion for visitation. The court's order read in pertinent part, "The Petitioners' Motion for Visitation is denied in its entirety. The Court finds that the motion is not supported by any authority and that visitation, at this time, is not in the child's best interests, as filed in this adoption matter."

¶ 8     On April 12, 2023, petitioners filed an amended petition for adoption. On May 10, 2023, intervenors filed a combined motion to strike and dismiss the amended petition for adoption, pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West

2022)). Intervenors argued that, *inter alia*, dismissal was warranted under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2022)) because, as first cousins once removed, petitioners did not qualify for a related adoption under Illinois law, nor did they qualify for an interstate placement under the Interstate Compact on Placement of Children Act (45 ILCS 15/0.01 *et seq.* (West 2022)).

¶ 9 On July 31, 2023, following a hearing, the trial court granted intervenors' motion to dismiss. The trial court's order read in pertinent part:

"Hearing was conducted solely on the Petitioners' relation as first cousins once removed in relation to the Motion to Dismiss. After hearing arguments from the Intervenors and the Petitioners, the Court finds that the Petitioners do not meet the degree of relationship for a related adoption, and therefore, being residents of Indiana, the Petitioners do not meet the residency requirements of the Illinois Adoption Act."

¶ 10 Petitioners timely appealed.

¶ 11 No court reporter was present at the May 10, 2023, and July 31, 2023, hearings and no recording was made of either hearing. On September 15, 2023, petitioners moved to certify a bystander's report. At an October 18, 2023, hearing, the trial court refused to certify the bystander's report on the basis that the court could not recollect the hearings. In refusing to certify the report, the trial court said that it could not recall anything regarding the hearing on the motion for visitation. As for the motion to dismiss, the trial court stated:

"I do know that there were arguments surrounding [the Interstate Compact on Placement of Children Act], that there was discussion surrounding and a proffer of the— or a demonstrative exhibit of the—a chart that [counsel for petitioners] provided in relation to relationships. And I do know that we—that I considered that, I considered the statute

and, in considering that, made the findings that are of record and ordered on July 31st that the statute made specific findings in relation—or identified specific relationships that qualified as relatives, but that the first cousin once-removed relationship was not in the statute. And, therefore, that I found that the plain language of the statute controlled because it did name other relationships, but not the first cousin once-removed relationship. And so I could not presume that that was intended to be included, and I think that essentially that's what the order that was entered said."

¶ 12                                    II. ANALYSIS

¶ 13     On appeal, petitioners challenge the denial of their motion for visitation and the dismissal of their amended petition for adoption.

¶ 14     As a preliminary matter, we note that no appellee briefs were filed in the instant appeal. In the absence of an appellee's brief, a reviewing court has three discretionary options it may exercise:

> "(1) it may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) it may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or (3) it may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record." *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 132 (1976)).

In the instant case, the record is simple and the issues may be decided without the aid of an appellee's brief.

¶ 15     Regarding petitioners' motion for visitation, petitioners argue that the denial of visitation was not in V.C.'s best interests and cite section 602.9 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/602.9 (West 2022)) as authority in support of their amended petition.

However, petitioners' motion for visitation did not include any reference to section 602.9 or any other authority under which petitioners claimed they were entitled to relief. Issues not raised before the trial court are forfeited on appeal. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14.

¶ 16    Further, even if petitioners had not forfeited review of the matter, section 602.9 restricts who may file petitions for nonparent visitation to grandparents, great-grandparents, siblings, or stepparents. 750 ILCS 5/602.9(b)(1), (c)(1)(A) (West 2022). Petitioners are none of these, and, although the motion for visitation included a request for visitation with V.C.'s maternal grandparents, petitioners' counsel did not represent the maternal grandparents and they were not the ones bringing the petition. As such, petitioners still have not provided any authority that supports their motion for visitation.

¶ 17    Additionally, the trial court found that visitation was not in V.C.'s best interests at that time. We have no report of proceedings from the hearing on petitioners' motion for visitation, and the trial court's order did not expound upon the basis for its best interests finding.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

As such, we presume that the trial court's finding that visitation was not in V.C.'s best interests conformed with the law and had a sufficient factual basis. Accordingly, we affirm the denial of petitioners' motion for visitation.

¶ 18    Turning to the dismissal of petitioners' amended adoption petition, a motion to dismiss brought pursuant to section 2-619 of the Code admits the sufficiency of the claim but asserts a defense outside of the complaint that defeats it. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. When proceeding under a section 2-619 motion, the movant concedes all well-pleaded facts set forth in the complaint, but not conclusions of law or conclusory factual allegations not supported by specific allegations of fact. *Id.* One of the enumerated bases for dismissal under section 2-619 is that the claim is barred by an "affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022).

¶ 19    If the "affirmative matter" asserted does not appear on the face of the attacked pleading, the motion must be supported by an affidavit or other evidentiary materials. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). Once a petitioner has satisfied this initial burden, the burden shifts to the respondent, who must establish that the asserted defense is either "unfounded or requires the resolution of an essential element of material fact before it is proven." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). On appeal, we "consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Id.* at 116-17. We review *de novo* a motion to dismiss pursuant to section 2-619. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003).

¶ 20    Under the Adoption Act (750 ILCS 50/0.01 *et seq.* (West 2022)), in order to institute adoption proceedings, a person must have "resided in the State of Illinois continuously for a period of at least 6 months immediately preceding the commencement of an adoption proceeding. 750 ILCS 50/2(A) (West 2022). However, the residency requirements of subsection 2(A) do not apply in the adoption of a "related child."

¶ 21    The Adoption Act defines "related child" as follows:

" 'Related child' means a child subject to adoption where either or both of the adopting parents stands in any of the following relationships to the child by blood, marriage, adoption, or civil union: parent, grand-parent, great-grandparent, brother, sister, step-parent, step-grandparent, step-brother, step-sister, uncle, aunt, great-uncle, great-aunt, first cousin, or second cousin. A person is related to the child as a first cousin or second cousin if they are both related to the same ancestor as either grandchild or great-grandchild." 750 ILCS 50/1 (West 2022).

¶ 22    In the instant case, it is alleged that Fak and V.C. are first cousins once removed, which means they are both related to the same ancestor as grandchild and great-grandchild respectively. Petitioners argue that a first cousin once removed falls within the purview of a related adoption under the Adoption Act.

¶ 23    The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010). The best indication of the legislature's intent is the plain language of the statute itself. *Id.* Where the statutory language is clear and unambiguous, it must be applied without resorting to additional tools of statutory interpretation. *Benzakry v. Patel*, 2017 IL App (3d) 160162, ¶ 74. "A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways." *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 395-96 (2003). In the instant case, the language "first cousin" is ambiguous as to whether it also includes first cousins once removed.

¶ 24    "In determining what [the legislative] intent is, the court may properly consider not only the language used in a statute, but also the reason and necessity for the law, the evils sought to be

remedied, and the purpose to be achieved." *Stewart v. Industrial Comm'n*, 115 Ill. 2d 337, 341 (1987). While not the only consideration, the preservation of family ties is encouraged in adoption cases. *In re Adoption of C.D.*, 313 Ill. App. 3d 301, 309 (2000) "It is also true that statutes must be construed to avoid absurd results." *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 27. When a plain or literal reading of a statute produces an absurd result, "the literal reading should yield." " 'If a literal construction of the words of a statute be absurd, the act must be construed as to avoid the absurdity.' " *People v. Hanna*, 207 Ill. 2d 486, 498 (2003) (quoting *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459–60 (1892)).

¶ 25     Petitioner argues that, because the Adoption Act explicitly allows for first cousins and second cousins to petition for a related adoption, it should also allow for first cousins once removed because first cousins once removed stand in a greater degree of kinship than do second cousins.

¶ 26     Petitioners are correct that first cousins once removed have a greater degree of kinship compared to second cousins. See 23 Am. Jur. 2d *Descent and Distribution* § 65 (2023) ("[T]he fourth degree includes first cousins and great-uncles and great-aunts. The children of a cousin (first cousins once removed) are related in the fifth degree. The relationship of second cousins (related to each other by descent from the same great-grandparent) is in the sixth degree.") The following graphic, submitted by petitioners, illustrates the relationships.



¶ 27     Further, we believe that it is consistent with the policy goal of preserving familial ties to interpret section 1 of the Adoption Act to include first cousins once removed, as they stand in a degree of relatedness between first and second cousins, both of which are permitted to petition for a related adoption under the Adoption Act.

¶ 28　To interpret the Adoption Act as excluding first cousins once removed would lead to the absurd result that Fak's parents, as V.C.'s great aunt and uncle, and Fak's children, as V.C.'s second cousins, would be permitted to petition for a related adoption, but Fak would not.

¶ 29　Accordingly, we find that section 1 of the Adoption Act includes first cousins once removed. As the only basis articulated in the trial court's order dismissing petitioners' amended petition for adoption was that first cousins once removed were not eligible for a related adoption under the Adoption Act, we reverse the trial court's order dismissing petitioners' amended petition.

¶ 30　　　　　　　　　　　　　III. CONCLUSION

¶ 31　We affirm the judgment of the circuit court of Kane County denying petitioners' motion for visitation, reverse the judgment dismissing petitioners' amended petition for adoption, and remand the cause for further proceedings.

¶ 32　Affirmed in part and reversed in part.

¶ 33　Cause remanded.