2026 IL App (2d) 250310-U
No. 2-25-0310
Order filed April 23, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

*In re* THE PARENTAGE OF C.E.S., a Minor

(Larry A. Souder, Plaintiff-Appellee, v. Karen G. Crutcher, Defendant-Appellant).

Appeal from the Circuit Court of McHenry County.
Honorable Robert J. Zalud, Judge, Presiding.
No. 13-FA-26

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because defendant's amended motion was barred by the doctrine of *res judicata*, the trial court properly granted plaintiff's motion to strike and dismiss.

¶ 2    *Pro se* defendant, Karen G. Crutcher, appeals the trial court's decision to grant plaintiff's, Larry A. Souder's, motion to dismiss defendant's "amended motion" seeking a modification of child support and child-related expenses, amongst other relief.

¶ 3                                   I. BACKGROUND

¶ 4    Defendant is the mother and plaintiff is the father of the minor, C.E.S.  On October 21, 2014, the trial court entered a judgment of paternity and a joint parenting order.  The order required plaintiff to pay child support.  In addition, given the parties' 50/50 custody agreement, each party was responsible for their own child-care expenses.

¶ 5    On August 9, 2024, defendant, acting *pro se*, filed a motion to address "indirect civil contempt and perjury on the plaintiff's part" and to review child support and the "50/50 split for" child-related expenses.  Plaintiff responded with a motion to strike and dismiss.  On October 1, 2024, the trial court granted plaintiff's motion to strike and dismiss defendant's August 9, 2024, motion.

¶ 6    On October 8, 2024, defendant, who was now represented by counsel, filed a two-count amended motion to modify child support and the division of child-related expenses.  The amended motion sought to modify child support and child-related expenses based on a substantial change of circumstances pursuant to section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a)(1) (West 2024)).  Prior to a ruling on that motion, defendant's counsel filed a motion to withdraw on December 17, 2024, which the trial court granted.

¶ 7    On February 3, 2025, defendant, acting *pro se*, filed a 117-page "amended motion to address indirect civil contempt, perjury, and review of child support and expense division."  On February 26, 2025, plaintiff filed a motion to dismiss defendant's amended motion.  On March 3, 2025, the trial court entered an order dismissing counts II through V of defendant's amended motion and allowing count I to move forward.  On March 17, 2025, plaintiff filed a "response to [defendant's] amended motion to address indirect civil contempt, perjury, and review of child support and expense division, count I."  On March 25, 2025, defendant filed another "amended motion to address indirect civil contempt, perjury, and review of child support and expense division."

¶ 8    The trial court conducted a hearing on defendant's February 3, 2025, amended motion on April 17, 2025.  As a preliminary matter, plaintiff noted that he had filed responses to "both" the amended motion to modify child support and child-related expenses and to count I, which alleged

civil contempt. Plaintiff also noted that "another motion" had been filed by defendant on March 25, 2025, to which the court responded that such motion would be addressed "at the conclusion of [that] hearing."

¶ 9 Defendant, *pro se*, testified on her own behalf at the hearing as follows. Defendant stated that plaintiff "lied" when he said he did not owe her money; he owed her "over $860." When questioned by the court, defendant indicated that she was testifying to her "amended motion." Defendant stated that she was "attempting to make the Court aware of the number of times" that plaintiff had "gone against the 2014 judgment of paternity," especially regarding the minor's medication. At this point, plaintiff objected on the basis of relevancy. The court sustained the objection, given that it was "determining contempt," specifically whether or not plaintiff had paid "certain things." Defendant agreed that she was "not in dispute" over incomes, although she argued that the "difference" in income between the two of them was "substantial." Defendant sought review of the division of child-related expenses in order to make it "more proportionate" to their incomes. Defendant also sought "a deviation from guideline support based on" plaintiff stating that he pays 20 percent of everything defendant buys, due to plaintiff "paying more than 50 percent of child-related expenses."

¶ 10 On cross-examination, defendant testified as follows. Defendant agreed that her financial statement was accurate regarding income and the "child-related expenses" that they shared 50/50. Also, there had been no substantial change in the parenting schedule or the minor's extracurricular activities, such as "tumbling and trips." Defendant and plaintiff shared expenses for the minor's trips to "DC" and Springfield, which were about $1800. When asked whether she and plaintiff sent "each other documentation of an expense even if it was under $20," defendant responded, "Not all the time. That's why [plaintiff] owes me money."

¶ 11    Plaintiff's counsel then inquired, "just for clarification," whether defendant had testified as to both of her motions.  The court asked defendant if that was her "belief," in that she testified to "the two motions" before the court, namely "Count I of that amended motion which is the indirect civil contempt and then also the motion to modify support."  Defendant answered, "[y]es," and agreed that there was nothing else she wanted to testify to regarding her two motions.

¶ 12    Defendant admitted that pursuant to the joint parenting agreement, the only time that plaintiff had to give her notification about the time he was away from his residence with the minor was either when he was on vacation, or when he was away from his residence in excess of two nights.  When asked, defendant agreed that another provision of the joint parenting agreement stated that "in the event that either mother or father takes the minor child for an overnight period to a place other than his or her residence, the parents shall be informed of the child's whereabouts." In relation to this provision, defendant alleged in her amended motion "17 occasions" in which plaintiff failed to inform her as required.  On one of the alleged occasions, when plaintiff's flight was canceled, defendant stated that plaintiff informed her of the cancellation and had "the opportunity to add [that plaintiff] was staying at O'Hare."  Defendant admitted that this occasion was one of the 17 alleged "contemptuous violation[s] of the order," even though she knew of the minor's whereabouts and the delay in flights.  When asked, defendant agreed that "for the most part," anytime plaintiff traveled, he gave her his itinerary and would immediately update it with information that she requested.

¶ 13    Plaintiff was currently paying $550 per month for child support; however, defendant had calculated what she thought the support should be.  When asked, defendant was aware that pursuant to the "statute," "actual calculations based on shared time" showed child support to

actually be $465 per month. Defendant admitted that plaintiff maintained health insurance for the minor.

¶ 14    After defendant rested her case, plaintiff moved for a directed finding regarding both the contempt motion and the child support modification motion. Plaintiff noted that although defendant was requesting a deviation, there was "no evidence provided pursuant to Section 505 or 510 relative to a change in circumstances, a basis for deviation, or any other calculation that would suggest that the calculation" pursuant to income shares warranted a deviation. In addition, according to plaintiff, defendant had not provided any evidence in support of contempt "relative to monies that [had] not been paid by" plaintiff, and in fact, plaintiff's testimony supported "the fact that he's given her notification." Further, plaintiff noted that although defendant had had been represented by counsel at one point, the parties "ended up not proceeding" (presumably referring to plaintiff's counsel's withdrawal after filing a motion to modify child support), because "the numbers" were "what they are now and they didn't result in something she liked that day."

¶ 15    In response, defendant argued that her income had gone down, and plaintiff's income had increased. At this point, defendant looked for her "breakdown" and asked if she could present it "as exhibits" to the court. Plaintiff then objected to defendant "introducing everything as she's rested." On the merits, plaintiff pointed out that defendant was "talking about stuff" she had previously submitted, such as her affidavit from 2018, where her income was "not down."

¶ 16    The trial court stated that based on the financial affidavits filed by defendant from 2018 to the present, her income had not decreased, but rather had "gone up on both the Social Security allotment and the Social Security Disability." At this time, defendant handed the court more exhibits and made the final argument that with the substantial difference in their incomes, the

"division of expenses should be more proportionate," and plaintiff should pay her the "outstanding amount of money" he owed her.

¶ 17 The court ruled as follows. Because defendant failed to present any evidence regarding an "outstanding amount" owed by plaintiff, defendant failed to establish "a *prima facie* case of indirect civil contempt that specifically an order was not followed." Therefore, the trial court granted the motion for a "directed finding on that." Further, the trial court did not "believe the substantial change" had "been proven by the evidence at this period of time." The court explained that if it were to "make that finding, most likely support would have gone down because there was no evidence presented that would warrant a deviation." Accordingly, the court granted the motion for a "directed finding" and stated that child support was to remain at $550 per month.

¶ 18 In response to defendant's pending March 25, 2025, amended motion, plaintiff filed a motion to strike and dismiss on May 8, 2025.

¶ 19 The parties next appeared in court on June 27, 2025, at which the trial court noted that there had "been a number of counterclaims, affirmative defenses filed since we set this for hearing." In any event, the purpose of the June 27, 2025, hearing was to address defendant's March 25, 2025, amended motion, which included "a number of counterclaims" and "affirmative defenses," as well as plaintiff's May 8, 2025, motion to strike and dismiss. Plaintiff's May 8, 2025, motion was a combined motion to strike and dismiss under sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS West 5/2-615, 2-619 (West 2024)). Plaintiff pointed out that defendant's counterclaims and affirmative defenses were "all of the same allegations" that were dismissed in August 2024 (presumably referring to the dismissal of defendant's August 2024 *pro se* motion to modify child support), and at the last hearing in April 2025, at which the trial court "made findings" and "directed it out." Plaintiff argued that defendant's March 25, 2025, amended

motion said "all of the same things," in that there was not "anything different that [had not] been pled in one way or another previously."

¶ 20 Defendant responded that she was "trying to get the division of child-related expenses more proportionate" to their incomes as well as "get the money back" that plaintiff owed her. Defendant argued that the division of expenses was not covered at the April 17, 2025, hearing. At this point, the trial court explained that defendant "was not able to get a second bite at the apple," in that if defendant "had facts available" and did not present them at that hearing, the trial court could "only rule on the evidence that's presented."

¶ 21 Plaintiff's counsel then noted that the April 17, 2025, hearing addressed the petition filed by defendant's counsel on October 18, 2024, before he withdrew: count I was to modify child support, and count II was to modify the division of child related expenses. The court advised defendant that although her attorney withdrew, the April 17, 2025, hearing was on "what he [had] filed." Plaintiff's counsel interjected that defendant's March 25, 2025, amended motion alleged indirect civil contempt, perjury, modification of child support, and modification of child-related expenses, which was "not only duplicitous of her prior" motions, but also duplicitous of her prior counsel's motion.

¶ 22 The trial court explained that "hearings are generally final," and the doctrine of *res judicata* prevented it from having a hearing on the same issues again. In other words, defendant had the opportunity to be heard on the merits, there was a final and appealable order, and the issues were presented in the same cause of action. The court then inquired whether there was anything "different between" the prior amended motion and defendant's March 25, 2025, amended motion, and defendant listed "miscellaneous expenses," the minor's braces, and a "recent medical visit."

However, plaintiff's counsel disagreed, stating that defendant's prior amended motion cited "exactly the same," with a "couple of different words."

¶ 23 The court reiterated that it had "entered a final order on that, which [meant] it's barred from re-litigation on the same issues." The court ruled that it had to "grant the motion to strike and dismiss because the same cause of action was presented at a hearing." Thus, it dismissed defendant's March 25, 2025, amended motion, noting that it did not "believe at this point there's anything pending before [it] based upon its ruling."

¶ 24                                    II. ANALYSIS

¶ 25 Preliminarily, we agree with plaintiff that defendant's brief fails to develop a coherent argument on appeal. Our supreme court rules provide that contentions in appellate briefs must be supported by citations to the record and reasoned analysis, and contentions not so developed are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Further, defendant's *pro se* status does not excuse her from compliance with these briefing requirements. See *Litwin v. County of LaSalle*, 2021 IL App (3d) 200410, ¶ 3.

¶ 26 In a similar vein, we agree with plaintiff that defendant's citations to authority not raised in the trial court are forfeited. Specifically, on appeal, defendant cites Illinois Judicial Rule of Professional Conduct 2.2h (Ill. R. Pro. Conduct R. 2.2h (eff. Jan. 1, 2010)), which provides that the judiciary should uphold the law fairly and accurately, and Illinois Supreme Court Rules 11 and 12 (Ill. S. Ct. R. 11 (eff. July 15, 2020), Ill. S. Ct. R. 12 (eff. July 1, 2017)), which describe the appropriate manner for serving documents. Not only were these rules not raised in the trial court, defendant has failed to make any argument on appeal that addresses these rules in regard to the trial court' granting of plaintiff's motion to strike and dismiss. See *In re Adoption of V.C.*, 2024 IL App (2d) 230275, ¶ 15 (issues not raised before the trial court are forfeited on appeal).

¶ 27    Though we would be justified in resolving defendant's appeal on the basis of forfeiture alone, we briefly address the merits.  If we glean her argument correctly, defendant appears to appeal the June 27, 2025, order in which the trial court found that defendant's March 25, 2025, amended motion was barred by *res judicata*.  Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.  *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).  *Res judicata* bars not only what was actually decided in the first action, but also whatever could have been decided.  *Id.*  "Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions."  *Id.*

¶ 28    The trial court correctly ruled that defendant's March 25, 2025, amended motion was barred by the doctrine of *res judicata*.  As the trial court noted, defendant was not entitled to a second bite of the apple.  The record is clear that on April 17, 2025, the trial court conducted a full hearing on defendant's February 3, 2025, amended motion, which, *inter alia*, sought to modify child support and child-related expenses.  At that hearing, defendant admitted that she was not disputing the parties' incomes or the financial affidavits, and the trial court expressly found that defendant's income had not decreased, but had rather increased.  Further, defendant stated that she understood that pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510 (West 2024)), finding a substantial change of circumstances would end up decreasing plaintiff's child support obligation, rather than increasing it, which is why the trial court found no reason to disturb plaintiff's existing child support obligation.  Significantly, defendant failed to support her claims with evidence or exhibits, which led the trial court to grant plaintiff's motion for a directed

verdict as to all of defendant's claims. Because defendant's March 25, 2025, amended motion raised the same issues ruled on at the April 17, 2025, hearing, plaintiff's claims are barred by *res judicata*, and the trial court properly granted plaintiffs' motion to strike and dismiss.

¶ 29                                   III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 31    Affirmed.